## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| GRANT MATLOCK and | ) | |
| STEPHANIE MATLOCK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-267-HAB |
| | ) | |
| JOHN DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Grant and Stephanie Matlock, proceeding pro se, filed a Civil Complaint (ECF No. 1) against John Davis. Plaintiffs also filed a Motion to Proceed in Forma Pauperis ("IFP") (ECF No. 2). This Court denied the initial request for IFP as Plaintiffs did not sign the motion and gave them additional time to re-file their motion. (ECF No. 3). The Plaintiffs have now re-filed their motion within the time allotted in this Court's Order. For the reasons set forth below, the Plaintiffs' Motion for Leave is DENIED. The Plaintiffs' Complaint is DISMISSED for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3) and they are GRANTED additional time to amend their Complaint, accompanied either by the statutory filing fee or another Motion to Proceed *in forma pauperis*. If the Plaintiffs fail to amend their Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiffs.

### A. Discussion

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a).

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs' Complaint, in its entirety, consists of the following:

On or about April 18 2020, John Davis assumed the role as contractor when he hired a crew to rehalb a home build sept 1920 located at 419 w nelson street Marion IN 46952 for Grant and Stephanie Matlock. John Davis crew took out walls, removed 100 year old plaster without been EPA certified. EPA states that any home built before 1978 you need to be EPA certified to perform construction work. contractor John Davis did not give Grant and Stephanie Matlock the lead based paint construction disclaimer required by federal law.

Therefore, the Plaintiffs in this case Grant and Stephanie Matlock have a now 35 month old son Milo Rae Matlock which has tested positive for lead based paint poison due to John Davis's reckless and negilent disrespect for public safety.

(ECF No. 1 at 2) (all sic). Read liberally, the Complaint alleges that Defendant is a contractor performing work to remediate lead-based paint exposure on the Plaintiffs' home. The Plaintiffs

2

further allege that Defendant is required under federal law to be EPA certified in the removal of lead and that he did not provide a "lead-based paint construction disclaimer" required under Federal law. These acts, it is alleged, further exposed Plaintiffs' son to lead-based paint poisoning – the same type of poisoning they have alleged on at least three separate occasions.[1]

Federal courts have limited jurisdiction. To proceed in federal court, Plaintiffs therefore have the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists where claims arise under the Constitution, laws or treaties of the United States whereas diversity jurisdiction exists where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.  Here, the Court simply cannot discern what federal cause of action Plaintiffs intend to assert, nor does the Complaint reveal any other basis for jurisdiction.

Although the Complaint makes reference to the EPA and to lead-based disclaimers required under federal law, it fails to provide a clear pathway to demonstrate this Court's jurisdiction. With respect to disclosures, for instance, the Residential Lead–Based Paint Hazard Reduction Act ("the RLPHRA"), 42 U.S.C. §4851 *et seq*., includes certain disclosure requirements for the sale or lease of certain residences constructed prior to 1978. The vast majority of the RLPHRA directs action by certain federal officials to help attack the problem of lead paint exposure. But in addition to these regulatory requirements, the RLPHRA places specific burdens

---

[1] The Court takes judicial notice that this is Plaintiffs' fourth suit relating to the lead-based paint issues in their home, see *Matlock v. En-Vision Home Solution* LLC, 1:20-CV-19; *Matlock v. Davis,* 1:20 CV 35 HAB-SLC; *Matlock v. Fredericks*, et al., 1:20-CV-40 DRL-SLC.  In each of these instances the Matlocks claim that their son has lead-based paint poisoning. Attached to the current Complaint is a lab report dated January 9, 2020, that purports to show a lead-based paint poisoning level of 9. However, that lab report predates the conduct alleged in this most recent lawsuit which occurred in April 2020, thereby calling into question the damages incurred, if any, by the Defendant's actions.

on lessors and private sellers to provide various disclosures to buyers and provides for a private civil action if the disclosures are not provided. 42 U.S.C. § 4852d. This is the only section that provides for private civil liability and any person who knowingly violates the disclosure provisions is jointly and severally liable to the buyer in an amount equal to three times the amount of damages incurred. 42 U.S.C. § 4852d(b)(3). Here, Plaintiffs have sued a contractor, not a private seller or lessor and thus, the private right of action does not, on its face, apply.

To the extent, Plaintiffs base their claim on EPA regulations[2] under the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §2601 *et seq.* that act provides no private action for compensatory damages such as those Plaintiffs request here. *See Boone v. DuBose,* 718 F.Supp. 479, 484 (M.D.La.1988) (the TSCA, CWA, SDWA, and RCRA do not "permit a private right of action for the recovery of compensatory damages"); *Adams v. Republic Steel Corp.,* 621 F. Supp. 370, 376 (W.D. Tenn. 1985)("[T]his court holds that this private action for compensatory damages under the TSCA fails to state a cause of action under a federal statute so as to give this court federal question jurisdiction."). Thus, absent a claim for equitable relief which Plaintiffs have not asserted, that statute has no application here and thus, the Plaintiffs have not established a basis for federal question jurisdiction.

As for diversity jurisdiction, that too is not discernable from the face of the Complaint. Given the last sentence of Plaintiffs' Complaint referencing "reckless and negligent" conduct, Plaintiff may be asserting a negligence action under Indiana law. For a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of all plaintiffs must be different

---

[2] The applicable regulations involve the Renovation, Repair and Painting ("RRP") Program requiring EPA certification of firms and individuals undertaking any activity that disturbs paint in pre-1978 housing and child-occupied facilities. https://www.epa.gov/lead/lead-renovation-repair-and-painting-program

from the citizenship of all defendants. Plaintiffs do not identify their own citizenship nor that of the Defendant.

Given the foregoing, the Court cannot guess what the basis of its subject matter jurisdiction is from the allegations stated. Plaintiffs' request to proceed without prepayment of fees is denied, and the Complaint is dismissed for lack of jurisdiction. The Court grants the Plaintiffs until September 11, 2020, to file an amended complaint. *See Luevano v Walmart*, 722 F.3d 1014, 1022 (7th Cir. 2013) (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting their amended complaint, Plaintiffs should be mindful to provide a basis for this Court's jurisdiction. Along with an amended Complaint, Plaintiff must also file a new Motion to Proceed *in forma pauperis* **or** pay the filing fee.

If the Plaintiff does not file an amended complaint by September 11, 2020, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1)  DENIES Plaintiffs' Motion for Leave to Proceed *in forma pauperis* [ECF No. 4];

(2)  DISMISSES the Complaint [ECF No. 1];

(3)  GRANTS the Plaintiffs until September 11, 2020, to file an amended complaint, accompanied by a new Motion to Proceed *in forma pauperis* **or** the filing fee; and

(4) CAUTIONS Plaintiff that

(a) if he does not respond by the above deadline, this case will be dismissed without further notice;

(b) any amended complaint must specify a basis for this Court's jurisdiction.

SO ORDERED on August 11, 2020.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT