UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GRANT MATLOCK and ) | |
| STEPHANIE MATLOCK ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-267-HAB |
| ) | |
| JOHN DAVIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Grant and Stephanie Matlock, proceeding pro se, filed an Amended Civil Complaint (ECF No. 6) against John Davis. Plaintiffs also filed their third request to Proceed in Forma Pauperis ("IFP") (ECF No. 7). This Court denied the initial request for IFP as Plaintiffs did not sign the motion and gave them additional time to re-file their motion. (ECF No. 3). The Plaintiffs re-filed their motion within the time allotted in this Court's Order but the Court dismissed the Plaintiffs' Complaint with leave to amend to assert a jurisdictional basis for their claims. (ECF No. 5). Plaintiffs have now filed an Amended Complaint along with a new Motion for Leave to Proceed in Forma Pauperis. Again, the Plaintiffs' Complaint is DISMISSED for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the

litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a).

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs' Amended Complaint, in its entirety, consists of the following:

On or about April 18 2020, John Davis assumed the role as contractor when he hired a crew to rehalb a home build sept 1920 located at 419 w nelson street 46952. John Davis crew took out walls, removed 100 year old plaster. Under RRP 40 CFR 745.89 firm such as Mr Davis's that perform renovation foe compensation must apply to EPA for certification. Mr Davis did not comply with EPA regulation and has caused the Plaintiffs son to have lead base paint poisoning
   Therefore, the Plaintiffs in this case Grant and Stephanie Matlock have a now 35 month old son Milo Rae Matlock which has tested positive for lead based paint poison due to John Davis's reckless and negilent disrespect for public safety. At the time of the incident the Plaintiffs Grant and Stephanie Matlock where residents of 204 Cherry Ave Corbin ky 40701 and Mr Davis was of 6799 Bridge St. Montery in so The Plaintiffs are claiming diversified citizenship.

(ECF No. 1 at 2) (all sic). Read liberally, the Amended Complaint reads the same as the original Complaint, alleging that Defendant is a contractor performing work to remediate lead-based paint

2

exposure on the Plaintiffs' home. The Plaintiffs further allege that Defendant is required under federal law to be EPA certified in the removal of lead and he was not. These acts, it is alleged, further exposed Plaintiffs' son to lead-based paint poisoning – the same type of poisoning they have alleged on at least three separate occasions.[1]

Federal courts have limited jurisdiction. To proceed in federal court, Plaintiffs therefore have the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists where claims arise under the Constitution, laws or treaties of the United States whereas diversity jurisdiction exists where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

This Court has previously told Plaintiffs that "the Court simply cannot discern what federal cause of action Plaintiffs intend to assert." The Amended Complaint does nothing to clarify matters. Plaintiffs cite to 40 C.F.R. §745.89, which contains regulations under the Toxic Substances Control Act ("TSCA") 15 U.S.C. §2601 *et seq*, which supports their generalized assertion that "firms that perform renovations for compensation must apply to EPA for certification." 40 C.F.R. §745.89(a).[2] However, this Court has previously explained that the TSCA provides no private action for compensatory damages such as those Plaintiffs request here. *See*

---

[1] The Court takes judicial notice that this is Plaintiffs' fourth suit relating to the lead-based paint issues in their home, see *Matlock v. En-Vision Home Solution* LLC, 1:20-CV-19; *Matlock v. Davis,* 1:20 CV 35 HAB-SLC; *Matlock v. Fredericks*, et al., 1:20-CV-40 DRL-SLC. In each of these instances the Matlocks claim that their son has lead-based paint poisoning. Attached to the original Complaint was a lab report dated January 9, 2020, that purports to show a lead-based paint poisoning level of 9. However, that lab report predates the conduct alleged in this most recent lawsuit which occurred in April 2020, thereby calling into question the damages incurred, if any, by the Defendant's actions. After the Court pointed this out in its last Opinion and Order, the Plaintiffs filed the Amended Complaint and did not attach the lab report.

[2] The applicable regulations involve the Renovation, Repair and Painting ("RRP") Program requiring EPA certification of firms and individuals undertaking any activity that disturbs paint in pre-1978 housing and child-occupied facilities. https://www.epa.gov/lead/lead-renovation-repair-and-painting-program

*Boone v. DuBose,* 718 F.Supp. 479, 484 (M.D.La.1988) (the TSCA, CWA, SDWA, and RCRA do not "permit a private right of action for the recovery of compensatory damages"); *Adams v. Republic Steel Corp.,* 621 F. Supp. 370, 376 (W.D. Tenn. 1985)("[T]his court holds that this private action for compensatory damages under the TSCA fails to state a cause of action under a federal statute so as to give this court federal question jurisdiction."). Thus, absent a claim for equitable relief which Plaintiffs have not asserted, that statute has no application here and thus, the Plaintiffs have not established a basis for federal question jurisdiction.

This Court also previously speculated that Plaintiffs may be attempting to assert a state law negligence claim which may give rise to diversity jurisdiction. Not surprisingly given the Court's suggestion, the Plaintiffs now contend that diversity jurisdiction exists because "at the time of the incident" they were Kentucky residents and the Defendant resides in Indiana.

For a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of all plaintiffs must be different from the citizenship of all defendants and the amount in controversy must exceed $75,000, exclusive of interests and costs. Said differently, "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). "Citizenship for purposes of diversity jurisdiction is domicile. " *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Domicile has two elements: "physical presence in a state ... [and] intent to remain there.... " *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

Moreover, "it has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004) (quoting *Mollan v. Torrance,* 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). "This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any

basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo*, 541 U.S. at 570–571.

The face of Plaintiffs' Amended Complaint fails to establish diversity jurisdiction. First, it speaks in terms of the parties' respective "residences." (Amended Compl. at 2: "At the time of the incident the Plaintiffs Grant and Stephanie Matlock where residents of 204 Cherry Ave Corbin ky 40701 and Mr Davis was of 6799 Bridge St Montery in")(all sic). "Residency does not necessarily equate to domicile (which is the definition of citizenship for diversity-jurisdiction purposes)." *Grandinetti v. Uber Techs., Inc.,* No. 19 C 05731, 2020 WL 4437806, at *4 (N.D. Ill. Aug. 1, 2020).

Second, to the extent the Court could equate residency with domicile in the present case, the Amended Complaint does not identify the Plaintiff's residency at the time of the filing of the Amended Complaint but clearly implies it is no longer Kentucky. Even more problematic for Plaintiffs, is that in every filing with the Court since they initially attempted commencement of this action (and in the prior actions), Plaintiffs have identified themselves as Indiana residents, living at 419 West Nelson St., Marion, Indiana 46952 and the Defendant also as an Indiana resident. Thus, even if the Court determined that the requirements of "domicile" were satisfied by Plaintiffs' pleading their residency, the parties are not diverse.

Third, it is unclear from the Complaint whether the Defendant is being sued individually or whether the Defendants are attempting to sue a business entity the Defendant owns or operates. Plaintiffs assert that the Defendant "assumed the role as contractor" and "hired a crew." (Amended

5

Compl. at 2). Different domicile rules may apply depending on the nature of the particular defendant being sued.

Fourth, the Amended Complaint fails to plead facts that could plausibly show that the amount in controversy is met. A plaintiff has a burden to plead facts supporting a conclusion that the amount in controversy is satisfied. Although Plaintiffs request $350,000 in compensatory damages and $2,500,000 in punitive damages,[3] the Amended Complaint lacks any facts from which the Court could conclude that these damages are alleged in good faith, rather than mere speculation or conjecture. *Neitzke*, 490 U.S. at 328. *See Moore v. Council,* No. CV 18-105-DLB, 2018 WL 3150677, at *4 (E.D. Ky. June 27, 2018) ("Although Plaintiff's Complaint seeks compensatory damages in the amount of $5,000,000 and punitive damages in the amount of $20,000,000…his allegations fail to support such a request and suggest that his claim for damages is merely delusional, rather than a request made in good faith."); *see also Carter v. Night Mgmt. & Gap Prot.*, No. 2:12-cv-780-EAPD-EAS, 2012 WL 4757384, at *3 (S.D. Ohio Sept. 7, 2012) (concluding that the plaintiff failed to sufficiently plead diversity jurisdiction where "her allegations fail[ed] to support her request for millions of dollars"). Plaintiffs have not set forth facts or linked their request for $350,000 to any actual or compensatory damages suffered as a result of the Defendant's conduct. Rather, they simply allege (and this Court has previously questioned it, *see* fn. 1 *supra*) that their son has tested positive for lead poisoning due to the Defendant's conducting work on their residence without being EPA certified. Thus, they have not properly asserted to a reasonable probability that the amount in controversy requirement is satisfied.

---

[3] This is the same amount of damages Plaintiffs have sought in 1:20-CV-0040 DRL-SLC.

6

All of these reasons combined, lead to the inevitable conclusion that Plaintiffs' Amended Complaint does not establish the existence of diversity jurisdiction. The application of the time of filing rule to this case requires dismissal as Plaintiffs have not properly pled diversity of citizenship; the record appears to reflect they are domiciled in Indiana thereby destroying diversity with an Indiana defendant, and there is no alternate basis for federal jurisdiction over the dispute. Additionally, the Plaintiffs have not competently asserted that their claim meets the jurisdictional amount.

This Court has already provided the Plaintiffs an opportunity to amend to properly allege jurisdiction in this court as required by the Seventh Circuit. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("Courts should grant pro se litigants leave to amend a complaint at least once, unless it is certain from the face of the complaint that amendment would be futile or otherwise unwarranted."). The Court is not required to permit unlimited attempts, especially when the record before it shows such attempts would be futile. Plaintiffs clearly want their claim in federal court; unfortunately, it does not belong here and further attempts by the Plaintiffs to weave a set of facts to craft jurisdiction where none lies would not be made in good faith. They must seek whatever relief they believe they may be entitled to in state court.

## **CONCLUSION**

Given the foregoing, the Court lacks subject matter jurisdiction over the Plaintiffs' Amended Complaint. Plaintiffs' request to proceed without prepayment of fees is denied, and the Amended Complaint is dismissed for lack of jurisdiction. The Court:

(1) DENIES Plaintiffs' Motion for Leave to Proceed *in forma pauperis* [ECF No. 7 ];

(2) DISMISSES the Amended Complaint [ECF No. 6].

SO ORDERED on September 14, 2020.

  s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT